UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOVANNY GARCIA CANALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00042-JRS-MJD |
| ) | |
| SAMUEL OLSON Field Office Acting Director of ) | |
| Enforcement and Removal Operations, ) | |
| BRISON SWEARINGEN Sheriff/Warden of the ) | |
| Clay County Justice Center, ) | |
| KRISTI NOEM Secretary, U.S. Department of ) | |
| Homeland Security, ) | |
| PAMELA BONDI U.S. Attorney General, ) | |
| EXECUTIVE OFFICE FOR IMMIGRATION ) | |
| REVIEW, ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jovanny Garcia Canales, a Mexican citizen, is detained at the Clay County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). Mr. Garcia Canales now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 15. For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on February 10, 2026**, Respondents must either: (1) afford Mr. Garcia Canales an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Garcia Canales from custody, under reasonable conditions of supervision.

1

I.   **Background**

Mr. Garcia Canales entered the United States in 2004 and has resided in this country since that time. Dkt. 1 ¶¶ 46-49. On December 14, 2025, ICE arrested Mr. Garcia Canales. *Id.* ¶ 47. The next day, the Department of Homeland Security issued an I-200 Warrant for Mr. Garcia Canales's arrest and a Notice to Appear. Dkt. 7-1 at 1, 5.

The Notice to Appear charges Mr. Garcia Canales with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not having a proper form of identity and nationality documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

Mr. Garcia Canales has not been given a custody re-determination hearing. Dkt. 1 ¶ 51.

II.   **Discussion**

Mr. Garcia Canales claims that he is entitled to the injunctive relief granted in *Castanon Nava et al v. Dep't of Homeland Sec. et al.*, No. 1:18cv03757, Doc. 214 (N.D. Ill. 2025), (Count I) and that Respondents' actions violated the INA (Count II) and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 55-65. Respondents argue that Mr. Garcia Canales's petition is premature; that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he will have the opportunity to receive a hearing; and that his detention is constitutional. Dkt. 7.

The Court finds that Mr. Garcia Canales's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Garcia Canales is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

A.     **Exhaustion**

Respondents argue that Mr. Garcia Canales's claims are premature because he has not moved for a bond hearing. Dkt. 7 at 6. Mr. Garcia Canales argues that it is futile to attempt to exhaust his administrative remedies because the BIA has already directly addressed the issue of his statutory qualification for bond in *Matter of Yajure Hurtado*. Dkt. 11 at 3-6.

Respondents do not cite a statute requiring Mr. Garcia Canales to request a bond hearing before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Garcia Canales was not required to exhaust administrative remedies because doing so would be futile.

B.  **8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an IJ. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976,

4

982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

    C.    **Mr. Garcia Canales Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Garcia Canales is eligible for a bond hearing under § 1226(a).

Respondents argue that Mr. Garcia Canales is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not

covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 7 at 9.

The respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, at *3–6, dkt. 16 at 5–13 (S.D. Ind. Dec. 30, 2025); *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Morales Sandoval*, 2025 WL 3760760, at *3–6.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning

in those prior decisions." Dkt. 7 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1] Mr. Garcia Caneles is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.[2]

### D. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Garcia Canales is being lawfully detained under § 1226a "because he will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 7 at 13. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Garcia Canales will have a bond hearing. In fact, Respondents contend that Mr. Garcia Canales is ineligible for a bond hearing. Because an

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

[2] The Court notes Mr. Garcia Canales's argument that he should be given immediate release under *Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757, 2025 WL 6324179 (N.D. Ill. Oct. 7, 2025), because his "arrest puts him automatically in the certified class eligible for relief." Dkt. 1 ¶ 57. However, there is a process by which individuals can seek to join the *Castañon Nava* class, and there is no indication that Mr. Garcia Canales has taken those actions. *See* Referral Form: Castanon Nava Settlement Violations, available at https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last accessed February 2, 2026).

immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition.

Mr. Garcia Canales has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III.  Scope of Relief

Mr. Garcia Canales is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Garcia Canales requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 14. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Garcia Canales's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.  Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on February 10, 2026**, Respondents must either: (1) provide Mr. Garcia Canales with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Garcia Canales from custody, under reasonable conditions of supervision. No later than **1:00 p.m. on February 16, 2026**, Respondents must file documentation certifying that they have provided Mr. Garcia Canales with a bond hearing, including apprising the Court of the results

8

of the hearing. If Respondents release Mr. Garcia Canales, then they must file documentation certifying his release. The **clerk is directed** to enter final judgment.

     **IT IS SO ORDERED.**

Date: 2/3/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel